# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

JESSIE RADFORD                                                                                          PLAINTIFF
ADC #655432

v.                                              1:16cv00151-JLH-JJV

STEPHEN WILLIAMS, Warden,
North Central Unit, ADC; *et al.*                                                                 DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the district judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the magistrate judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the magistrate judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the district judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

## I.     INTRODUCTION

Jessie Radford ("Plaintiff"), formerly incarcerated at the North Central Unit of the Arkansas Department of Correction ("ADC"), filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. No. 2.)  His Complaint includes four claims:  (1) Defendant Thane Huyard subjected him to excessive force on August 12, 2016; (2) Defendant K. Drinkard[1] subjected him to excessive force on October 4, 2016; (3) all Defendants failed to protect him by denying his request for protective custody; and (4) all Defendants hindered his access to the grievance process.  (*Id*. at 5-9.) Defendants Huyard, Drinkard, Stephen Williams, and Inman[2] have filed a Motion for Summary Judgment, contending they are entitled to judgment as a matter of law on all of Plaintiff's claims. (Doc. No. 32.)  Plaintiff has not responded, and this matter is now ripe for a decision.  After careful

---

[1] This Defendant's full name is Kendall Drinkard.  (Doc. No. 21 at 1.)  The Clerk is directed to amend the docket to reflect his full name.

[2] This Defendant's full name is Billy Inman.  (Doc. No. 21 at 1.)  The Clerk is directed to amend the docket to reflect his full name.

review, and for the following reasons, I find the Motion for Summary Judgment should be GRANTED and Plaintiff's cause of action should be DISMISSED.[3]

## II.     SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).  The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).  The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy.  *Id.*  (citations omitted).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case.  *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment.  *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

---

[3] Plaintiff's claims against Defendant Karen Elaine Payne were previously dismissed without prejudice.  (Doc. No. 19.)

3

**III.	ANALYSIS**

Defendants' Motion requests summary dismissal of Plaintiff's Complaint on the merits. They contend Plaintiff's personal capacity claims against them are barred by the doctrine of qualified immunity and his official capacity claims are barred by sovereign immunity. (Doc. No. 33 at 2.) Additionally, however, Defendants assert Plaintiff failed to exhaust his administrative remedies with respect to each of his claims. (*Id*.) Although Defendants did not raise this issue in a dispositive motion by the deadline of January 18, 2017 (Doc. No. 23), the United States Supreme Court has been abundantly clear in holding that the exhaustion of administrative remedies required by the Prison Litigation Reform Act ("PLRA") is "mandatory." *See, e.g.*, *Jones v. Bock*, 549 U.S. 199, 211 (2007). "[U]nexhausted claims cannot be brought in court." *Id*. Furthermore, "a court may not excuse a failure to exhaust," even to take special circumstances into account. *Ross v. Blake*, 136 S. Ct. 1850, 1856 (June 6, 2016). Accordingly, I will address Defendants' exhaustion argument.

The PLRA requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. at 202; *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (per curiam). As noted, exhaustion under the PLRA is mandatory. *Jones*, 549 U.S. at 211. "[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison grievance process itself." *Id.* at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Compliance with a prison's grievance procedures is, therefore, all that is required by the PLRA to properly exhaust. *Id.* Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See id*.

The grievance policy of the Arkansas Department of Correction in effect at the time of the alleged constitutional violations was Administrative Directive 14-16, and Plaintiff's allegations are governed by that Directive. (Doc. No. 34-1.) Pursuant to the Directive, an inmate is required to attempt informal resolution of a problem or complaint prior to filing a formal grievance. (*Id*. at 5.) This is accomplished by completing and submitting the Unit Level Grievance Form within fifteen days after the occurrence of the incident. (*Id*.) The form is to be presented to a "designated problem-solver" or, if a problem solver is unavailable, to any staff member holding the rank of sergeant or above. (*Id.* at 6.) Following an attempt at informal resolution, an inmate may proceed by filing a formal grievance on the same Unit Level Grievance Form. (*Id*. at 8.) An "Acknowledgement or Rejection" of the grievance must be provided within five working days after receipt, unless a written response to the grievance can be provided within that time. (*Id*. at 9.) A written response by the warden or his designee must be provided within twenty working days of receipt. (*Id*. at 10.) If dissatisfied with the response, the inmate may proceed by filing an appeal and must do so within five working days. (*Id*. at 11.) Even if a warden's response is not provided within the allotted time, the inmate must appeal within five working days. (*Id*. at 10.) Receipt of the appeal must be acknowledged or rejected within five working days, unless a written response can be provided within that time; a written response must be provided within thirty working days absent an extension. (*Id*. at 12.) "A written decision or rejection of an appeal at this level is the end of the grievance process." (*Id*.)

Defendants contend Plaintiff did not comply with the procedure described above as to any of the claims raised in his Complaint. (Doc. No. 33 at 6-8.) In support of their argument, they have submitted the grievances he completed during the relevant time period. There are three that

relate to the claims raised in Plaintiff's Complaint. None were properly exhausted in compliance with Administrative Directive 14-16.

### A. Excessive Force Claim Against Defendant Huyard

Plaintiff filled out a Unit Level Grievance Form on August 17, 2016, in which he complained about the alleged excessive force incident involving Defendant Huyard that occurred on August 12, 2016. (Doc. No. 34-4 at 1.) However, there is no indication that Plaintiff submitted this form to a "designated problem-solver" or to a staff member holding the rank of sergeant or above, as required by the Directive. In fact, Plaintiff apparently did not submit this form to anyone at the North Central Unit. He wrote "forward to Wendy Kelley – Director of ADC" at the top of the form, seemingly attempting to bypass the unit's involvement altogether. (*Id*.) There is no indication that Director Kelley or anyone else ever received it.

By failing to submit this grievance, Plaintiff failed to "complete the administrative review process in accordance with the applicable procedural rules." *Jones*, 549 U.S. at 218 (quoting *Woodford*, 548 U.S. at 88). Therefore, his excessive force claim against Defendant Huyard should be dismissed.

### B. Excessive Force Claim Against Defendant Drinkard

Plaintiff submitted a Unit Level Grievance Form on October 5, 2016, in which he complained about the alleged excessive force incident involving Defendant Drinkard that occurred on October 4, 2016. (Doc. No. 34-7 at 1.) The Step One grievance was received on October 5, 2016. (*Id*.) A sergeant responded on October 10, 2016, and Plaintiff proceeded to Step Two by filing a formal grievance on that same date. (*Id*.) The formal grievance was rejected in writing on October 10, 2016, on the basis that it involved a disciplinary matter. (*Id*. at 2.) Plaintiff apparently attempted to file an appeal; however, he did not indicate the date of the appeal. (*Id*.) Pursuant to

Administrative Directive 14-16, this omission is material: "To complete the appeal, the inmate must state a reason for disagreeing, and must date, sign, and write the inmate's ADC number on the attachment being appealed." (Doc. No. 34-1 at 11.)

Although it is not clear when Plaintiff submitted the appeal, the appeal does appear to have been received on October 19, 2016, according to a stamp on the document. (Doc. No. 34-7 at 2.) In that case, an acknowledgment or rejection of the appeal was due on October 26, 2016, and a written response was due on December 1, 2016 – respectively, five working days and thirty working days after receipt.[4] But Plaintiff did not wait for either; instead, he filed this action on October 24, 2016. (Doc. No. 2. at 1.) Therefore, at the time his Complaint was filed, Plaintiff had not completed the process of exhausting his administrative remedies. The PLRA "makes exhaustion a precondition to *suit*" by providing that no action shall be "brought" until such administrative remedies as are available are exhausted. *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis in original) (citing 42 U.S.C. § 1997e(a)). Because Plaintiff had not exhausted his administrative remedies at the time his Complaint was filed, his excessive force claim against Defendant Drinkard should be dismissed.

### C. Failure to Protect Claim Against All Defendants

Plaintiff submitted a Unit Level Grievance Form on September 17, 2016, in which he grieved the denial of his request for protective custody after having been in a fight with another inmate and harassed by an officer. (Doc. No. 34-6 at 1.) The Step One grievance was received on that same date and addressed by a sergeant. (*Id*.) Plaintiff proceeded to Step Two by filing a formal grievance on September 18, 2016; the formal grievance was received on that same date.

---

[4] Administrative Directive 14-16 defines "working days" as weekdays, excluding state observed holidays. (Doc. No. 34-1 at 2.)

(*Id.*)  Defendant Williams, Warden of the North Central Unit, responded in writing on October 13, 2016 – within twenty working days of receipt.  (*Id*. at 2.)  Defendant Williams found the grievance to be without merit.  (*Id*.)

Plaintiff filed an appeal the following day, and his appeal was received on October 19, 2016.  (*Id*.)  He received an acknowledgment of the appeal that same day, October 19, 2016.  (*Id*. at 3.)  A written response to the appeal was provided on December 1, 2016 – within thirty working days of receipt.  (*Id*. at 4.)  But, again, Plaintiff did not wait for a timely response to his appeal; instead, he filed his Complaint on October 24, 2016.  (Doc. No. 2 at 1.)  Because Plaintiff had not exhausted his administrative remedies as to his failure to protect claim at the time he filed his Complaint, the claim should be dismissed against all Defendants.

### D.     Denial of Access to Grievance Procedure

Plaintiff alleges officials at the North Central Unit impeded his access to the grievance procedure by refusing to sign grievance forms.  (Doc. No. 2 at 7.)  He claims Defendants Williams and Inman held grievances past the deadline by which they were to respond.  (*Id*.)  But, as recounted above, each of Plaintiff's grievances was timely responded to at every level.  The record contains two other grievances submitted by Plaintiff that do not relate to the claims raised in his Complaint, and each of those also received timely responses.  Plaintiff grieved the denial of a shower on August 18, 2016.  (Doc. No. 34-5 at 1.)  The Step One document was received on August 19, 2016, and addressed by a sergeant on August 22, 2016.  (*Id*.)  Plaintiff filed a formal grievance on August 22, 2016; it was received on August 23, 2016, and Defendant Williams's written response was provided on September 19, 2016 – within twenty working days of receipt.  (*Id*. at 1-2.)  Plaintiff did not appeal from Defendant Williams's finding that the grievance lacked merit.  (*Id*. at 2.)  Plaintiff submitted another Step One grievance, in which he alleged an officer

8

had abandoned his post, on September 30, 2016. (Doc. No. 3 at 2.) Informal resolution was attempted by a sergeant, and Plaintiff did not proceed to Step Two. (*Id.*) Even assuming the return of this grievance following informal resolution was untimely, Plaintiff was required to proceed to Step Two within six working days from the submission of the Step One form. (Doc. No. 34-1 at 7-8.) He did not do so. In short, the record demonstrates Plaintiff was not hindered in accessing the grievance process, and his failure to exhaust his grievances was due to his own inaction.

Plaintiff also alleges officers retaliated against him for filing grievances by filing false disciplinaries against him. (Doc. No. 2 at 9.) However, he does not provide any details or make this allegation against any specific officer, much less a named Defendant. (*Id.*)

Plaintiff failed to "complete the administrative review process in accordance with the applicable procedural rules." *Jones*, 549 U.S. at 218 (quoting *Woodford*, 548 U.S. at 88). Accordingly, Defendants' Motion for Summary Judgment (Doc. No. 32) should be GRANTED, and Plaintiff's claims should be DISMISSED.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Clerk shall amend the docket to reflect the full names of Defendants Kendall Drinkard and Billy Inman. (Doc. No. 21 at 1.)

2. Defendants' Motion for Summary Judgment (Doc. No. 32) be GRANTED.

3. Plaintiff's cause of action be DISMISSED without prejudice for failure to exhaust administrative remedies.

4. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations would not be taken in good faith.

DATED this 7th day of July, 2017.

                                                                                         _____
                                                                                          JOE J. VOLPE
                                                                                          UNITED STATES MAGISTRATE JUDGE